O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

H. JAMES TAPIA,                          )   Case No. CV 15-03922 DDP (AJWx)
                                         )
                Plaintiff,               )   **ORDER RE DEFENDANT'S MOTION TO**
                                         )   **DISMISS**
        v.                               )
                                         )   [Dkt. No. 8]
WELLS FARGO BANK, N.A.;                   )
WACHOVIA MORTGAGE                         )
CORPORATION, a North                      )
Carolina financial                        )
institution; NDEX WEST, LLC,
a Minnesota limited
liability; REGIONAL TRUSTEE
SERVICES CORPORATION, a
California financial
institution,

                Defendants.
_____

        Presently before the Court is Defendant's motion to dismiss

Plaintiff's complaint.  (Dkt. No. 8.)  Having considered the

parties' submissions, the Court adopts the following order.

**I.    BACKGROUND**

        Plaintiff is the owner and mortgagor of a home in San Dimas.

(Compl., ¶¶ 2, 26, 29.)  Plaintiff alleges that in 2005 he obtained

his mortgage loan from World Savings Bank, and that the loan was

subsequently "owned and serviced" by Defendant Wachovia Mortgage

1  Corporation ("Wachovia") and then later by Defendant Wells Fargo
2  Bank ("Wells Fargo"). (Id. at ¶¶ 27-28.) Plaintiff alleges that
3  he "fulfilled each and every term of the agreement of the Mortgage
4  Loan." (Id. at ¶ 29.) Plaintiff also alleges that after
5  experiencing "economic hardships" in 2009, he attempted to obtain a
6  loan modification from "Wachovia and Wells [Fargo]," but that those
7  Defendants "refused to accept modification packets, lost
8  modification packets, and made unreliable offers to assist, while
9  actively attempting to foreclose on the Plaintiff's home." (Id. at
10 ¶¶ 30-32.) Plaintiff alleges that Wachovia and Wells Fargo also
11 did not adequately review or correctly apply Plaintiff's financial
12 information in evaluating his loan modification application. (Id.
13 at ¶ 32.)

14     Plaintiff alleges that a loan modification "would have been in
15 the best interests of all parties." (Id. at ¶ 35.)

16     Plaintiff also alleges that Defendants recorded a Notice of
17 Default for the Subject Property without doing any of the
18 following: contacting Plaintiff to discuss options for avoiding
19 foreclosure; notifying him of his right to request a meeting;
20 providing him with a toll-free phone number to reach a housing
21 counseling-agency; filing a declaration regarding due diligence;
22 sending a first-class letter; attempting to reach him by phone
23 three times; sending a certified letter including a toll-free
24 number to reach a live representative; or posting a clear link on
25 their websites to a page explaining certain matters regarding
26 foreclosure. (Id. at ¶¶ 47-50.)

27     Plaintiff alleges that Defendants failed to identify a single,
28 qualified "point of contact" – i.e., customer service

representative or other agent – for him to speak and work with.
(Id. at ¶¶ 54-60.)

Plaintiff alleges that Defendants did not give him written notice that he was eligible "to be evaluated for a foreclosure prevention alternative," written notice describing the loan modification process within five days of receiving his application, (Id. at ¶¶ 63, 67.)

Plaintiff alleges that Defendants did not use "competent and reliable evidence" in substantiating the right to foreclose. (Id. at ¶¶ 72-73.)

Plaintiff alleges that Defendants did not send him the Notice of Default, notice of the recording date, or notice of the time and place of the foreclosure sale by registered or certified mail. (Id. at ¶¶ 77-78.)  Plaintiff alleges that he never received a copy of the Notice of Default.  (Id. at ¶ 79.)

Plaintiff also alleges that Defendants refused to accept "regularly due payments" when Plaintiff tendered such payments, causing Plaintiff to incur various fees, interest, and damage to his credit rating.  (Id. at ¶¶ 89-90.)

Plaintiff alleges that Defendants advised him to "fall behind or withhold mortgage payments in order to qualify for a mortgage modification," gave him the wrong documents, and lulled Plaintiff into "a false sense of security with regards to keeping his home." (Id. at ¶ 93.)

Finally, Plaintiff alleges that Defendants promised they would not foreclose on the property if Plaintiff completed a loan modification application and made certain monthly payments.  (Id. at ¶ 99.)  He also alleges that he relied on that promise in

1  deciding not to file bankruptcy or sell the property.  (Id. at ¶

2  101.)

3  **II.   LEGAL STANDARD**

4       In order to survive a motion to dismiss for failure to state a

5  claim, a complaint need only include "a short and plain statement

6  of the claim showing that the pleader is entitled to relief." Bell

7  Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007) (quoting Conley v.

8  Gibson, 355 U.S. 41, 47 (1957)).  A complaint must include

9  "sufficient factual matter, accepted as true, to state a claim to

10 relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S.

11 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  When

12 considering a Rule 12(b)(6) motion, a court must "accept as true

13 all allegations of material fact and must construe those facts in

14 the light most favorable to the plaintiff." Resnick v. Hayes, 213

15 F.3d 443, 447 (9th Cir. 2000).  The facts recited in a complaint

16 must also give "fair notice" to "enable the opposing party to

17 defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216

18 (9th Cir. 2011).

19 **III. DISCUSSION**

20 **A.   Wachovia as a Defendant**

21      Plaintiff alleges that Wachovia Mortgage Corporation "owned

22 and serviced" his loan at some unspecified time.  (Compl., ¶ 27.)

23 Defendant, however, alleges that Wachovia Mortgage Corporation is

24 erroneously sued, and that in fact the correct entity is Wachovia

25 Mortgage, FSB, which was later merged into Wells Fargo.  (Mot.

26 Dismiss at 3.)  This contention is not addressed in the opposition.

27 The Court therefore deems any objection to the motion to dismiss

28 claims against Wachovia Mortgage waived.  Shorter v. Los Angeles

1  Unified Sch. Dist., No. CV 13-3198 ABC AJW, 2013 WL 6331204, at *5

2  (C.D. Cal. Dec. 4, 2013) (collecting cases regarding waiver by non-

3  opposition).

4      All claims are therefore dismissed as to Defendant Wachovia

5  Mortgage Corporation.

6  **B.   Violation of Cal. Civ. Code § 2923.6(a)**

7      Plaintiff alleges that Defendants violated Cal. Civ. Code §

8  2923.6(a) by not modifying Plaintiff's loan in a way that would

9  serve the best interests of all parties.  (Opp'n at 4.)  However,

10  California courts have held that mortgagors do not have a private

11  right of action under § 2923.6(a).  Pfeifer v. Countrywide Home

12  Loans, Inc., 211 Cal. App. 4th 1250, 1282 n.17 (2012) ("The

13  Pfeifers have no private right of action under Civil Code section

14  2923.6, and this statute does not require loan servicers to modify

15  loans.").  Plaintiff argues that its claim is saved because it

16  alleges that Defendants "caused harm to Plaintiff and the

17  investor(s) of the underlying note."  (Opp'n at 4 (quoting Compl.,

18  ¶ 36).)  But, first, it is not clear that § 2923.6(a) provides a

19  cause of action for investors, either.  Mabry v. Superior Court,

20  185 Cal. App. 4th 208, 222 (2010) ("[S]ection 2923.6 . . . does *not*

21  operate substantively.  Section 2923.6 merely expresses the *hope*

22  that lenders will offer loan modifications on certain terms.").[1]

23  And second, Plaintiff does not offer any explanation as to why he

24  might have standing to assert claims on behalf of the investors,

25  even if they did have substantive claims.

26  _____

27      [1]After Mabry, the Legislature amended the statute to add
    substantive components; however, subsection (a) is not one of them.
28  Vasquez v. Bank of Am., N.A., No. 13-CV-02902-JST, 2013 WL
    6001924, at *7 (N.D. Cal. Nov. 12, 2013).

1     The claim as to § 2923.6(a) is therefore dismissed.

2  **C. Violation of Cal. Civ. Code § 2923.5(a)**

3     Cal. Civ. Code § 2923.5(a) requires a mortgage servicer,

4  mortgagee, trustee, beneficiary, or authorized agent to perform due

5  diligence and discuss options to avoid foreclosure with the

6  borrower before recording a Notice of Default.  Plaintiff alleges

7  that Defendants violated Cal. Civ. Code § 2923.5(a) by not

8  contacting Plaintiff before filing a Notice of Default.

9     Many federal courts have found that § 2923.5(a) is preempted

10 by the federal Home Owners' Loan Act ("HOLA").[2]  The Ninth Circuit

11 has held that to determine whether a state law is preempted by

12 HOLA, a court should first analyze whether the law falls under

13 Section 560.2(b) of HOLA.  <u>Silvas v. E*Trade Mortg. Corp.</u>, 514 F.3d

14 1001, 1005 (9th Cir. 2008).  Section 560.2(b)(10) of HOLA preempts

15 any state laws pertaining to the "processing, origination,

16 servicing, sale or purchase of, or investment or participation in

17 mortgages."  This Court finds that laws pertaining to the

18 "servicing of mortgages" includes laws relating to foreclosure.

19 The pertinent state law here (Cal. Civ. Code § 2923.5(a)) also

20

21

22

---

23     [2]<u>See, e.g.</u>, <u>Taquinod v. World Sav. Bank, FSB</u>, 755 F.Supp.2d
   1064, 1073-74 (C.D. Cal. 2010)(declining to follow a California
24 state court who found that section 2923.5 was not preempted by
   HOLA); <u>Rodriguez v. JP Morgan Chase & Co.</u>, 809 F.Supp.2d 1291 (S.D.
25 Cal. 2011)(holding that Plaintiff's section 2923.5 claim was
   preempted by HOLA because the loan provider was a federally
26 chartered savings bank at the time of the loan's origination);
   <u>Pinales v. Quality Loan Service Corp.</u>, 2010 WL 3749427 at *3 (S.D.
27 Cal. 2010)(holding that section 2923.5 is preempted by HOLA since
   the state law requirement falls "squarely within the scope of
28 HOLA").

1 regulates the foreclosure process.  Thus, this Court finds that

2 section 560.2(b)(10) of HOLA preempts Cal. Civ. Code § 2923.5(a).[3]

3      The claim as to § 2923.5(a) is therefore dismissed.

4 **D. Violation of Cal. Civ. Code § 2923.7**

5      Cal. Civ. Code § 2923.7 requires a mortgage servicer to

6 "promptly establish a single point of contact" when a borrower

7 requests a foreclosure prevention alternative.  Plaintiff alleges

8 that he attempted to modify his mortgage loan with Defendants

9 several times.  (Compl., ¶ 31.)  Plaintiff further alleges that

10 Defendants violated Cal. Civ. Code § 2923.7 by failing to appoint a

11 contact person to communicate and coordinate a foreclosure

12 alternative option.  (Compl., ¶ 54.)  Defendants allege that the

13 statute requires Plaintiff to specifically request a point of

14 contact in order to be appointed one.  (Motion to Dismiss p. 6.)

15 However, a plain reading of the statute requires servicers to

16 furnish a contact person to *every* borrower who requests a

17 foreclosure prevention alternative.  Penermon v. Wells Fargo Bank,

18 N.A., 47 F.Supp.3d 982, 1000 (N.D. Cal. 2014).  Borrowers do not

19 need to specifically request a contact person under this statute.

20 Id.  Because Plaintiff alleges he requested a foreclosure

21 prevention alternative and was not appointed a contact person, this

22 series of facts is sufficient to both give notice to the Defendant

23 and to plausibly suggest entitlement to relief.  It would be

26      [3]The Court notes that courts are divided on this issue.
27 However, this Court finds the reasoning of the courts who
determined HOLA preempts section 2923.5 most persuasive because
28 foreclosure laws are embodied in laws relating to the "servicing of
mortgages."

1  difficult for Plaintiff to allege a more detailed version of these
2  facts.
3      The claim as to § 2923.7 is thus adequately pled.
4  **E. Claims Under the California Homeowner's Bill of Rights § 2924**
5  **Based on Acts that Occurred Before January 1, 2013**
6      Plaintiff alleges that Defendants violated Cal. Civ. Code **§**
7  2924.9 by failing to provide written communications about
8  foreclosure prevention alternatives within five business days after
9  recording a Notice of Default, which was filed in September 2012.
10  (Compl., ¶ 63.)  Plaintiff also alleges that Defendants violated
11  Cal. Civ. Code **§** 2924.10 by failing to provide written
12  acknowledgment upon receiving a loan modification application. (<u>Id.</u>
13  at ¶ 67.)  Plaintiff provides only vague allegations about when he
14  submitted the loan modification application, but the facts seem to
15  indicate it happened before the Notice of Default was recorded in
16  2012.  (<u>Id.</u> at ¶ 30-32.)
17      The California Homeowner's Bill of Rights ("HBOR"), including
18  § 2924.9 and § 2924.10, did not take effect until January 1, 2013,
19  and many courts in the Ninth Circuit have found that the statute
20  does not apply retroactively.  <u>See, e.g.</u>, <u>Rockridge Trust v. Wells</u>
21  <u>Fargo, N.A.</u>, 985 F.Supp.2d 1110, 1152 (N.D. Cal. 2013); <u>Martinez v.</u>
22  <u>Wells Fargo Bank, N.A.</u>, 2014 WL 1572689 at *3 (N.D. Cal. 2014).
23  Since the facts underlying Plaintiff's claims occurred before the
24  statute was in effect, and because the statute does not apply
25  retroactively, Plaintiff may not obtain relief under § 2924.
26      The claims as to § 2924.9 and § 2924.10 are therefore
27  dismissed.
28  **F. Violation of Cal. Civ. Code § 2924.17**

1    Plaintiff alleges that Defendants violated Cal. Civ. Code §

2  2924.17 by including inaccurate or incomplete information in the

3  Notice of Default and Notice of Trustee's Sale.  (Compl., ¶ 72-73.)

4  Cal. Civ. Code § 2924.17 requires a borrower to review evidence to

5  substantiate its Notice of Default and its right to foreclose.  The

6  complaint fails to allege specific inaccuracies in the recorded

7  documents.  (Id.)  For example, Plaintiff does not indicate that he

8  was current in his payments, or that the Notice of Default was

9  recorded in error.  Plaintiff merely states that "Defendants'

10 actions were not accurate and complete. . . ."  (Id.)  Plaintiff's

11 alleged facts are therefore not sufficient "to raise his right to

12 relief above the speculative level." Davis v. U.S. Bank Nat.

13 Ass'n, 2015 WL 2124938 at *6 (C.D. Cal. 2015); see also Twombly,

14 550 U.S. at 555.

15    The claim as to § 2924.17 is therefore dismissed.

16 **G. Violation of Cal. Civ. Code § 2924b(b)**

17    Plaintiff alleges Defendants violated Cal. Civ. Code §

18 2924b(b) by not providing him with a copy of the Notice of Default

19 and Notice of Trustee's Sale[4].  Defendants argue that this claim is

20 not actionable because there was no evidence of harm or prejudice

21 to Plaintiff.  (Motion to Dismiss p. 8.)  However, in the case

22 Defendants cite to support this argument, the Notice of Default was

23 mailed to Plaintiff, and it only contained minor deficiencies that

24 had no effect on the Notice.  Falcocchia v. Saxon Mortg., Inc., 709

25 F. Supp. 2d 860, 870 (E.D. Cal. 2010).  In this situation,

26 conversely, Plaintiff allegedly did not receive the Notice of

27

28    [4]The Complaint erroneously names the April 1, 2015 Notice of
Trustee's Sale as a Notice of Default.

1    Default at all.  (Compl., ¶¶ 79, 81.)  Defendants have provided no

2    evidence that they did in fact mail Plaintiff the Notice of

3    Default.  Plaintiff's alleged facts therefore "plausibly suggest an

4    entitlement to relief" and "contain sufficient allegations. . . to

5    give fair notice" to the Defendants to adequately prepare a

6    defense.  <u>Starr</u>, 652 F.3d at 1216.  It would be difficult for

7    Plaintiff to allege more specific facts for this claim.

8        The claim as to § 2924b(b) is thus adequately pled.

9    **H. Contractual Breach of Implied Covenant of Good Faith and Fair**

10   **Dealing**

11       Plaintiff alleges that Defendants breached the Implied

12   Covenant of Good Faith and Fair Dealing.  (Compl., ¶ 86.)  A breach

13   of the implied covenant of good faith and fair dealing must be a

14   "conscious and deliberate act," more than a contractual breach,

15   that "unfairly frustrates the agreed common purposes and

16   disappoints the reasonable expectations of the other party."

17   <u>Celador Intern. Ltd. v. Walt Disney Co.</u>, 347 F.Supp.2d 846, 852

18   (C.D. Cal. 2004)(citing <u>Careau & Co. v. Security Pacific Business</u>

19   <u>Credit, Inc.</u>, 222 Cal. App. 3d 1371, 1394 (1990)).  In California,

20   the factual elements necessary to establish a breach of the

21   covenant of good faith and fair dealing are: (1) the parties

22   entered into a contract; (2) the plaintiff fulfilled his

23   obligations under the contract; (3) any conditions precedent to the

24   defendant's performance occurred; (4) the defendant unfairly

25   interfered with the plaintiff's rights to receive the benefits of

26   the contract; and (5) the plaintiff was harmed by the defendant's

27   conduct.  <u>Rosenfeld v. JPMorgan Chase Bank, N.A.</u>, 732 F.Supp.2d

28

952, 968 (N.D. Cal. 2010)(citing Judicial Council of California Civil Jury Instruction 325).

Here, the allegations in the complaint are pled such that they plausibly fulfill the required elements. First, both parties concur that a contract existed. (Compl. ¶ 26; Motion to Dismiss p. 1.) Second, Plaintiff alleges that he fulfilled his obligations under the contract, as he "attempted to make payment pursuant to the terms of the Mortgage Loan." (Compl., ¶ 89.) Plaintiff also states that he was "able to fulfill each and every obligation under the mortgage loan" at the time of filing the complaint. (Id. at ¶ 88.) According to the facts as stated in the complaint, Defendants deliberately interfered with Plaintiff's rights to receive the benefits of the contract. (Id. at ¶ 86-90.) Finally, Plaintiff alleges he has been harmed financially by Defendants' failure to accept his payments. (Id. at ¶ 90.)

Thus, the Plaintiff has pled sufficient facts to make his claim plausible, and has provided sufficient detail to put the Defendants on notice to adequately defend themselves. Starr, 652 F.3d at 1216.

The claim as to the breach of the implied covenant of good faith and fair dealing is therefore adequately pled.

**I. Violation of California Business & Professions Code § 17200**

Plaintiff alleges that Defendants violated the California Business and Professions Code § 17200. Section 17200 defines unfair competition as "unlawful, unfair, or fraudulent" business acts or practices. Under the "unlawful" prong of the statute, "'the UCL borrows violation of other laws. . .and makes those unlawful practices actionable under the UCL.'" Berryman v. Merit

11

1  <u>Property Management, Inc.</u>, 152 Cal. App. 4th 1544, 1554 (2007).

2  Thus, as long as Plaintiff alleges a violation of another law,

3  Plaintiff has an actionable claim under the UCL.  <u>Johnson v.</u>

4  <u>SunTrust Mortg.</u>, Inc., 2014 WL 3845205 at *7 (C.D. Cal. 2014).

5       Here, Plaintiff alleges that Defendants violated several other

6  statutes.  As noted above in Parts III.D. and III.G., some of

7  Plaintiff's statutory claims are pled with adequate specificity,

8  and these, at a minimum, can form the basis for his § 17200 claim.

9       The claim as to the violation of the California Business and

10 Professions Code § 17200 is therefore adequately pled.

11 **J. Promissory Estoppel Claim**

12      The elements required for a promissory estoppel claim are as

13 follows: (1) a clear and unambiguous promise; (2) reliance on the

14 promise by the party to whom the promise is made; (3) reasonable

15 and foreseeable reliance; and (4) injury due to reliance.

16 <u>Rockridge</u>, 985 F.Supp.2d at 1159.  Furthermore, "a promisor is

17 bound when he should reasonably expect a substantial change of

18 position. . .in reliance on his promise. . . ."  <u>Id.</u>

19      Plaintiff alleges that Defendants made oral and written

20 representations that they would not foreclose on the property if

21 Plaintiff applied for a loan modification and continued to make

22 monthly payments.  (Compl., ¶ 99.)  Defendants also allegedly

23 offered Plaintiff a three month trial period of a Home Affordable

24 Modification Program ("HAMP"), an agreement which Defendants

25 allegedly breached.  (<u>Id.</u> at ¶ 102-03.)  Plaintiff alleges he

26 relied on Defendants' statements and did not pursue other

27 opportunities to avoid foreclosure, such as filing for bankruptcy,

28 refinancing or selling the property.  (<u>Id.</u> at ¶ 99-103.)

12

1   Defendants allege that without a written agreement to modify a

2   loan, any oral contract for loan modification is barred by the

3   statute of frauds.  (Motion to Dismiss p. 11.)  However, the

4   complaint indicates that there were at least some written

5   representations made to Plaintiff by Defendants.  (Compl., ¶ 99.)

6   Furthermore, Plaintiff alleges with specificity the type of program

7   allegedly agreed to by Defendants (a HAMP three-month trial

8   program).  (Id. at ¶ 102.)  Plaintiff also alleges with specificity

9   the other options he neglected to pursue because of Defendants'

10  representations.  (Id. at ¶ 101.)  The facts as stated are both

11  plausible enough to suggest that the Plaintiff is entitled to

12  relief, and specific enough to put the Defendants on notice so they

13  may adequately represent themselves.  Starr, 652 F.3d at 1216.

14      The promissory estoppel claim is therefore adequately pled.

15  **IV. CONCLUSION**

16      The Court GRANTS the motion IN PART.  ALL claims against

17  Defendant Wachovia are DISMISSED.  The claims against other

18  Defendants regarding the violation of California Civil Code §§

19  2923.6(a), 2923.5(a), 2924.9, 2924.10, and 2924.17 are DISMISSED.

20  The claims pertaining to California Civil Code §§ 2923.7, 2924b(b),

21  California Business and Professions Code § 17200, the implied

22  covenant of good faith and fair dealing, and promissory estoppel

23  are adequately pled and are not dismissed.

24

25  IT IS SO ORDERED.

26

27  Dated: August 4, 2015

28                          DEAN D. PREGERSON
                            United States District Judge