O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| H. JAMES TAPIA,<br><br>               Plaintiff,<br><br>    v.<br><br>WELLS FARGO BANK, N.A.;<br>WACHOVIA MORTGAGE<br>CORPORATION, a North<br>Carolina financial<br>institution; NDEX WEST, LLC,<br>a Minnesota limited<br>liability; REGIONAL TRUSTEE<br>SERVICES CORPORATION, a<br>California financial<br>institution,<br><br>               Defendants. | Case No. CV 15-03922 DDP (AJWx)<br><br>ORDER DENYING PLAINTIFF'S MOTION<br>TO REMAND<br><br>[Dkt. No. 14] |

    Presently before the Court is Plaintiff H. James Tapia's motion to remand. After reviewing the materials submitted by the parties and their respective arguments, the Court DENIES Plaintiff's motion.

    Plaintiff H. James Tapia brought this action against Defendants regarding a mortgage loan allegedly owned and serviced by Defendants. (Compl. ¶ 25-32.) Plaintiff alleges he suffered severe financial hardship around 2009 and requested a loan modification from Wachhovia and Wells Fargo. (Id. at ¶ 30.)

Plaintiff alleges that Wachovia and Wells Fargo made offers to modify the loan but did not follow through on these offers and attempted to foreclose on Plaintiff's home. (Id. at 31-32, 99-101.) Plaintiff alleges these actions constitute promissory estoppel and violate several sections of the California Civil Code, the duty of good faith and fair dealing, and the California Business & Professions Code. (Id. at p. 5-28.)

Plaintiff filed his complaint in state court on April 22, 2015. Defendant filed a timely notice of removal on May 22, 2015 based on diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff filed a motion to remand the case to state court on June 15, 2015. Plaintiff alleges that there is not complete diversity between the parties because both Plaintiff and Defendant Regional Trustee Services Corporation ("RTSC") are citizens of California. (Motion for Remand p. 5.) Defendants Wells Fargo and Wachovia allege there is complete diversity because (1) RTSC is a non-existent entity, (2) RTSC was a Washington corporation, and (3) even if RTSC was a California corporation, it was fraudulently joined by Plaintiff to defeat diversity. (Opp'n to MFR p. 1-3.)

A defendant may remove a case from state court to federal court if the case could have originally been filed in federal court. 28 U.S.C. § 1441(a). The district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different States. 28 U.S.C. § 1332(a)(1). There is a "strong presumption" against removal and the Defendant has the burden of establishing that removal is proper by a preponderance of evidence. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992); Morrison v.

1  Zangpo, No. C-08-1945 EMC, 2008 WL 2948696, at *1 (N.D. Cal. July
2  28, 2008).
3     Defendant has met its burden of showing that removal is proper
4  because the parties are diverse.  Defendants provide evidence that
5  RTSC was never registered as a corporation in the state of
6  California.  (Shulman Decl., Ex. G.)  Defendants also provide a
7  plan of merger document indicating that RTSC was a Washington
8  Corporation (Id., Ex. H) and is now registered as "Old RTSC Corp.,"
9  an inactive Washington Corporation (Id., Ex. I.)  Plaintiff had the
10 opportunity to file a reply to dispute this evidence but it failed
11 to do so.  Plaintiff's counsel has provided a statement that his
12 research indicated that RTSC was a California corporation, but
13 there is no documentary evidence to support this statement.  (Huang
14 Decl., ¶ 9.)  Because substantially all the evidence before the
15 Court points toward RTSC being a Washington corporation, complete
16 diversity between the parties exists and the Court need not address
17 the issue of fraudulent joinder.
18    For the reasons stated above, Plaintiff's motion to remand is
19 DENIED.

IT IS SO ORDERED.

Dated:  August 4, 2015

DEAN D. PREGERSON
United States District Judge